[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 05 June 1998
DATE OF MODIFICATION SENTENCE: 29 May 2001
DATE OF APPLICATION FOR MODIFIED SENTENCE: 27 June 2001
DATE OF APPLICATION FILED FROM MODIFIED SENTENCE: 27 June 2001
DATE OF DECISION: 22 January 2002
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven (G.A. 6). Docket Number CR9E-11975.
Andrew Gaillard, Esq. For the Petitioner
John J. E. Markham, Esq. Pro Hac Vice for the Petitioner
Robert O'Brien, Esq. For the State of Connecticut
 BY THE DIVISION
The petitioner was convicted by Jury of Promoting Prostitution 2nd in violation of Connecticut Gen. Statutes 53a-87 (a)(1); Conspiracy in Promoting Prostitution 2nd in violation of Connecticut ten. Statutes 53a-48
via 53a-87 (a)(1); and, violation of the Corrupt Organization and Racketeering Activity Act in violation of the Connecticut Gen. Statutes53-395 (c). At the time of the sentencing of the petitioner he failed to show and was sentenced "in absentia" by the Court to an effective CT Page 1070 sentence of twenty years to serve. After his surrender from flight the petitioner and the State of Connecticut joined in a request to have the original sentencing judge hear a Motion for Modification. After conducting a hearing with the petitioner present the Court reduced the petitioner's sentence to thirteen years to serve and a fine of $45,000.
It is the Division's opinion that the Sentence Review requested by the petitioner is applicable to both the original and modified sentence imposed by the same sentencing judge.
 FACTS
The petitioner, working out of his home in Roxbury, Connecticut, an escort or massage business, which was a front for prostitution. The business was known as Andre's, Pale Godiva, Diedre of the Sorrows and Pale Godiva. There were forty or more women working for the accused and around approximately fourteen on duty, at any given time.
The accused regularly advertised in the Hartford and New Haven Advocate Newspapers. He had three phones with 1-800 numbers wherein customers initially made contact. The service would then beep an escort on duty, inform the escort of the customer and the escort would then call the customer and arrange to meet him either at his house, a motel room rented long-term by the service, or at a motel room rented by the customer.
The defendant informed each escort, upon being employed, of a fee schedule: $100.00 for a full-body massage, including genitalia; $150.00 for such massage by a topless escort; $200.00 for a massage by a naked escort and $250.00 for an escort service which included sexual intercourse. Gladstone received $50.00 for the $100.00 service, and $65.00 for each of the other services.
Also, the accused instructed the escorts to permit the customer to disrobe first, to be assured he was not a police officer.
Two undercover police officers testified that they, posing as escort applicants, had conversations with the accused, wherein he admitted that the service provided sex to wealthy men. The service operated in Connecticut, New York and Massachusetts.
The petitioner was the head of the service, however, he had managers and bookkeepers and people to operate the phone.
At the hearing counsel for the petitioner offered an array of reasons why the petitioner's sentence should be reduced. The CT Page 1071
I central theme was that the modified sentence imposed was disproportionate. From the petitioner's perspective the sentence was improper because he had no prior convictions for the same offense and was not a violent man nor were his convicted crimes violent in their nature. Counsel also argued that with the petitioner's serious medical problems the sentence of thirteen years is very high. Further the modifying sentence failed to give sufficient credit to the petitioner for his voluntary acts of cooperation in providing information to the authorities lead to murder charges against a person accused of killing one or the woman in the petitioner's employ.
At the hearing counsel pointed out that numerous mainstream and not so mainstream newspaper carry open and notorious ads for similar activities of which the petitioner was convicted. Further, those ads generate business and profits for the newspapers and are rarely, if at all, prosecuted by the State of Connecticut. Since our society tolerates them in such an open manner it was counsels opinion that the sentence of thirteen years was not reflective of the true harm society feels that the criminal acts represent and therefore the sentence was disproportionate.
Counsel also introduced a statistical analysis of those sentenced for the crime of promoting prostitution. From those statistics he argued that the thirteen years was disproportionately high.
The petitioner spoke to the panel twice. His first presentation indicated he was regretful and remorseful. When addressing the panel the second time the petitioner stated that the service he provided and advertised for were non-sexual "conversing" in nature and served to pleasure the intellectual and powerful elite of Connecticut's society.
The state pointed out that this was not just a small operation but that its business for over twenty years covering a tri-state area. The petitioners operation also caused some of his employees to be murdered while the petitioner reaped the profits from placing them into the position to be hurt or reach untimely deaths. Noting that the petitioner was exposed to over forty years at the time of sentence, he has consistently exhibited disdain for the law, which was shown by his flight from the state prior to sentencing. Counsel felt that the reduction of seven years off his original sentence was very sufficient for cooperating with the authorities. Contrary to the petitioner's thoughts the state finds these convictions serious and asked the panel to affirm the modified sentence.
 RULES OF PRACTICE
Section 43-28 of the Rules of Practice sets out the authority of this CT Page 1072 Division to modify a sentence. We can only do so if it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
As with the sentencing judge this panel finds the charges the petitioner was convicted of were serious. The petitioner chose the nature and scope of the law that he was to flout, there can be no merit to a business when it was deemed illegal by the lawmakers of our state. When convicted the petitioner then choose to flee the consequences of his illegal acts. The passive consent of the state to have a subsequent modification hearing with its reduction of seven years amply represents proportionality for the crimes which the petitioner was convicted.
THE SENTENCE IS AFFIRMED.
 ___________________, J. Norko ___________________, J. Klaczak ___________________, J. Miano
Norko, J., Klaczak, J. and Miano, J. participated in this decision.